# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ANDRADE-SANTANA,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CV F 04-6481 AWI<br>(CR F 02-5256 AWI)<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR HABEAS RELIEF SHOULD NOT BE DISMISSED**<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

In this case, petitioner Ramiro Andrade-Santana ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 51 months that was imposed by this court on May 27, 2003, following Petitioner's entry of a plea of guilty to one count of 8 U.S.C. 1326, deported alien found in the United States.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was initially convicted by a plea of guilty entered on May 19, 2005. In the negotiated plea agreement Petitioner waived his right to appeal on any ground and agreed to not contest his sentence in any post-conviction proceeding, including any proceeding under section

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

2255. The government agreed to a three-level reduction in the computation of the offense level and an additional four-level reduction pursuant to USSG § 5K3.1. The government also agreed to recommend sentencing at the low end of the indicated range. A Presentence Investigation Report was prepared and determined an offense level of 21 and a criminal history category of VI. The sentencing range indicated was 77 to 96 months. Probation recommended sentencing at the low end of the range. On January 20, 2004, the plea of guilty was ordered withdrawn and a new plea of guilty was entered. Petitioner was sentenced pursuant to the new plea of guilty to a term of imprisonment of 51 months. Judgment was entered on January 22, 2004. No direct appeal was taken.

The instant motion pursuant to section 2255 was timely filed on November 1, 2004.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

Although Petitioner's motion is not a model of clarity, two claims are identifiable. First, Petitioner contends his sentence was elevated by an amount that was in excess of the sentence he could have received in consideration of only the facts he admitted in violation of the rule set forth in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Ameline, 376 F.3d 967 (9th Cir. 2004), which applied the rule in Blakely to sentencing under the United States Sentencing Guidelines. Ameline, 376 F.3d at 978. Second, Petitioner claims he received ineffective assistance of counsel. Although ineffective assistance is alleged on grounds that are not completely clear, Petitioner appears to allege this counsel was ineffective because he or she failed to inform petitioner of the right to collaterally attack his sentence, presumably on Blakely grounds.

The court begins by noting Petitioner's plea agreement contains a comprehensive waiver of rights of direct appeal and collateral attack of the sentence pursuant to section 2255. "The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993). Here, Petitioner appears to have challenged the validity of his plea by claiming that his plea of guilty was the result of his attorney's failure to fully inform Petitioner of his right to attack his sentence on Blakely grounds.

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant

to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255). In the instant case, it is not entirely clear whether Petitioner is claiming his plea agreement is invalid as a result of his attorney's failure to completely inform Petitioner, or whether Petitioner is merely claiming that his attorney failed to inform Petitioner of his "right" to challenge his sentence under Blakely. In an abundance of caution, the court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the judgment or his sentence did not waive his right to petition pursuant to section 2255 on the ground of ineffective assistance of counsel. Also, consideration of economic use of judicial resources leads the court to the conclusion it is more efficient to briefly address the merits of Petitioner's claim under Blakely and related cases than it is to undertake the more difficult analysis of whether Petitioner waived his claims under Blakely and related case authority.

Where no appeal is taken, a criminal judgment becomes final the first business day after the expiration of 10 days following the entry of the judgment and commitment. See Fed. R. App. P. 4(b)(1)(A); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (footnote omitted). Because petitioner did not take a direct appeal, his conviction and sentence became final on the eleventh day following the entry of judgment on January 22, 2004; that is, on February 2, 2004. The rule in Blakely was announced on June 24, 2004, almost five months after Petitioner's judgment became final. The rule in Ameline was announced on July 21, 2004, a month later. Petitioner may not claim the rule in Blakely or Ameline applies in his case unless that rule is applicable retroactively on collateral attack.

The rule in Blakely, which held a sentence may not be enhanced by facts, other than the fact of prior conviction, that are not proven to a jury beyond a reasonable doubt or admitted to by the defendant, was first articulated in Apprendi v. New Jersey, 530 U.S. 466 (2000). The decision in Blakely applies the rule in Apprendi to sentences determined according to legislatively determined state law sentencing guidelines. Blakely, 542 U.S. at 305-306. In

Ameline, the Ninth Circuit held the rule in Apprendi/Blakely was applicable to sentences determined under the United States Sentencing Guidelines. Ameline, 376 F.3d at 978. The Supreme Court addressed the same issue in United States v. Booker, 125 S.Ct. 738 (2005) and held that the rule in Apprendi applies to sentences established under the United States Sentencing Guidelines. See id. at 756 ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty of a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

The decision in Blakely was not, by its own terms, made retroactive to cases on collateral review, and no subsequent case from the Supreme Court has address the retroactivity of Blakely to date. See In re: Dean, ___ F.3d ___ (2004 WL 1534788) (11th Cir. 2004). The Ninth Circuit has considered the issue of retroactive application of the decision in Apprendi, and has concluded that case does not apply retroactively to collateral challenges on initial collateral review, United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002), or on successive collateral review. Rees v. Hill, 286 F.3d 1103, 1104 (9 Cir. 2002). Similarly, the Ninth Circuit, applying the analysis set forth in Teague v. Lane, 489 U.S. 288, 310 (1989), has refused to give retroactive effect to the rule in Blakely to any case that was final before the rule in Blakely was decided; that is, to any case on collateral review. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). Using the same analysis, the Ninth Circuit has held the rule in Booker does not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).

The court concludes it is the law in this circuit that the rule set forth in Ameline, Blakely, and Booker, is not applicable retroactively to collateral review of cases that were final before those decisions were announced. Petitioner's case was final at least five months prior to the decision in the earliest of these cases. Therefore, Petitioner may not base his claim on any alleged violation of that rule.

Even if Petitioner were entitled to application of the rule in <u>Blakely</u> or its progeny, it is not at all clear application of that rule would benefit Petitioner. Petitioner's claim of sentencing in violation of the rule in <u>Blakely</u> is long on legal analysis and very short on facts. Petitioner does not appear to specify which facts were applied to enhance his sentence that were not admitted by him in violation of the rule in <u>Blakely</u>. To the best of this court's ability to discern exactly which court-determined facts are the subject of Petitioner's claim, it appears that the major factor enhancing Petitioner's sentence was the fact he had suffered one or more prior convictions in state court for unlawful possession of drugs for sale. As discussed above, the rule in <u>Apprendi</u>, <u>Bladely</u>, and their progeny specifically excludes the fact of prior conviction from those factors that may not be used to enhance a sentence without proof to a jury beyond a reasonable doubt or without being admitted by the defendant. Because the major factor used in the calculation of Petitioner's sentence was the fact of one or more prior drug-related convictions, Petitioner could not have benefitted from the application of the rule in <u>Blakely</u> even if it could be applied retroactively.

Like Petitioner's claim with regard to violation of the rule in <u>Blakely</u>, Petitioner's claim with respect to ineffective assistance of counsel presents little by way of factual allegations. Petitioner makes two general allegations. First Petitioner alleges his attorney "did not show no [sic] interest in Defendant's case-in-chief and did not properly represent [Defendant] in a manner acceptable under the minimum guarantee of the Sixth Amendment protection Right." Second, Petitioner alleges his attorney failed to advise Petitioner of his "right to collaterally attack and challenge his sentence under 28 U.S.C., § 2255."

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. <u>United States v. Cochrane</u>, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have

made." <u>Butcher v. Marquez</u>, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the <u>Strickland</u> test if the plaintiff's showing is insufficient as to one prong. <u>Id</u>. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Id.</u>

Petitioner's claim of ineffective assistance fails on both prongs of the <u>Strickland</u> test. "A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law." <u>Lowery v. Lewis</u>, 21 F.3d 344346 (9th Cir. 1994). Petitioner had waived his rights to collaterally attack his sentence. Petitioner's attorney had no obligation to inform Petitioner of rights that Petitioner had waived. Further, as discussed above, Petitioner's attorney knew or should have known that objection, appeal or collateral attack on the grounds of <u>Blakely</u> or its progeny would have been pointless because the fact(s) that were used to enhance Petitioner's sentence – the fact of Petitioner's prior convictions on narcotics possession charges – are specifically excluded from <u>Blakely's</u> rule. For the same reason, Petitioner suffered no prejudice when his attorney failed to advise Petitioner of any supposed right to collaterally attack his sentence or to rely on the rule in <u>Blakely</u> or <u>Ameline</u>. Petitioner's claim as to his attorneys' lack of enthusiasm is completely devoid of specific facts and is therefore too generalized and conclusory to permit analysis. That claim is therefore disregarded.

## CONCLUSION AND ORDER

For the reasons set forth above, PETITIONER IS HEREBY ORDERED TO SHOW CAUSE why his motion for relief under 28 U.S.C. section 2255 should not be dismissed for the reasons set forth above. Petitioner may submit a response to this order to show cause within 30 days of the date of this order. If Petitioner does not respond to this order to show cause the court will deem his request for relief abandoned, and will order his motion dismissed and direct the

Clerk of the Court to close this case.  Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause," and shall be filed and served in compliance with the Local Rules and the Federal Rules of Civil Procedure.  Petitioner shall serve a copy of his response to this order to show cause, if any, upon the attorney for the government.

In his response, if any, to the order to show cause, petitioner shall set forth <u>specific facts</u> regarding any claim he may make regarding his claims of ineffective assistance of counsel or violation of rights pursuant to <u>Blakely</u> or its progeny.

The government shall not reply to this order to show cause or to Petitioner's response to the order to show cause unless directed to do so by the court.

Upon receipt of the materials referred to above, the court will either take the matter under submission and issue its decision thereafter or will determine whether to hold an evidentiary hearing in this matter.  <u>See</u> <u>Baumann v. United States</u>, 692 F.2d 565, 570-71 (9th Cir. 1982).

IT IS SO ORDERED.

**Dated:   December 22, 2005**                              **/s/ Anthony W. Ishii**
h2ehf                                                                    UNITED STATES DISTRICT JUDGE